UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-CV-80285-ROSENBERG/REINHART

SOUTH SPANISH TRAIL, LLC,

    Plaintiff,

v.

CARIBBEAN CROSSINGS, LTD.,
INC.,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand [DE 13]. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted.

Defendant removed this action under 28 U.S.C. § 1332, contending that the parties are diverse with an amount in controversy exceeding $75,000. All parties agree that they are diverse. The parties disagree on the amount in controversy in this case. Defendant argues that the amount in controversy is over one million dollars. Plaintiff argues that the amount in controversy is either zero or is so speculative that it cannot be computed with any certainty.

The Court begins its analysis by noting what Plaintiff's legal claim is—a claim for possession of real property. This is not a case about title to real property or the valuation of Plaintiff's real property. Instead, this is a case wherein Defendant is alleged to be in possession of a small portion of Plaintiff's property (via underwater cables) and Plaintiff seeks to reclaim possession. DE 1-3. Procedurally, Plaintiff has already prevailed. On February 7, 2019, the state court entered a final judgment in favor of Plaintiff and directing the Clerk of the Court to issue writs of possession against Defendant. DE 13-1. Plaintiff's position is essentially that the

value of what it sought—possession—is an equitable remedy that cannot be reduced to a dollar amount by virtue of its equitable nature. Defendant's position is that the amount in controversy is tied to the cost of either removing the cables or the cost of an easement permitting the cables—over one million dollars.

Contrary to Defendant's position (which primarily focuses on its cost to comply with the final judgment and remove the cables), in this Circuit the amount in controversy is the value of the object of the litigation from the *Plaintiff's* perspective. *Federated Mut. Ins. Co. v. McKinnon Motors LLC*, 329 F.3d 805, 807 (11th Cir. 2003). "Stated differently, the value of equitable relief is the monetary value of the benefit that would flow to the plaintiff if the [relief it is seeking] were granted." *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1360-61 (S.D. Fla. 2015). Such value must be sufficiently measurable and certain—it cannot be too speculative or immeasurable. *Id.* Here, the dollar amount that Plaintiff is entitled to by virtue of the final judgment is zero, because Plaintiff's Complaint is limited to possession and the restoration of Plaintiff's property to the state it was in prior to unlawful entry. The case of *Novastar Mortgage, Inc. v. Bennett* (which was affirmed on appeal to the Eleventh Circuit) is instructive. 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001). In that case, the trial judge ruled as follows:

> Here, the plaintiff's claim is nothing more than a request for possession of real property belonging to the plaintiff. The action seeks equitable relief that cannot easily be measured in pecuniary terms. The court is not aware of any court placing a fiscal value on an action in ejectment. This action, like all forms of equitable relief, is by definition designed to correct situations where legal (monetary) relief is insufficient. The amount claimed by the plaintiff cannot be measured by the value of the underlying land because, legally, the defendants have no claim to that property for purposes of this action. This is not an ownership dispute; it is a possession dispute.
>
> This court finds that the value of the equitable benefit sought by the plaintiff in this action does not exceed $75,000.00. Further, this court holds, as a matter of law, that a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in

controversy. Therefore, because the defendant cannot reduce the benefit sought to a monetary sum, "there is no pecuniary amount in controversy." *Texas Acorn v. Texas Area 5 Health Systems Agency, Inc.*, 559 F.2d 1019, 1023–1024 (5th Cir. 1977); *see also Ericsson*, 120 F.3d at 221–22. Absent any measurable amount in controversy, the requirements of 28 U.S.C. § 1332 cannot be satisfied. Accordingly, this court lacks original jurisdiction over this case and removal was, therefore, improper.

Federal courts in this Circuit have consistently followed the reasoning set forth in *Novastar*. *See, e.g.*, *Diamond Nat'l Realty v. Coleman*, No. 1:18-CV-5005-WMR-JKL, 2018 WL 6709535, at *1 (N.D. Ga. Nov. 6, 2018) ("[T]he dispossessory claim against her cannot be reduced to a monetary sum for purposes of satisfying the amount-in-controversy requirement in § 1332(a)."). Although *Novastar* concerned real property in Georgia, the Florida-based claim of unlawful detainer in the instant case likewise concerns the right of possession. *See CSC Serviceworks, Inc. v. Boca Bayou Condo. Ass'n, Inc.*, 240 So. 3d 12, 14 (Fla. Dist. Ct. App. 2018) ("Unlawful detainer actions are, and have always been, about actual physical dispossession of real property.").

In summary, the focus of Plaintiff's Complaint is to return Plaintiff to the position it was in before Defendant unlawfully possessed its property—it does not entitle Plaintiff to any monetary damages and case law stands for the proposition that the Court should not affix a dollar amount to Plaintiff's claim stemming from a partial unlawful entry and dispossession. In response, Defendant focuses on three points.

First, Defendant focuses on its own costs to comply with the final judgment and the valuation of its cables, but this argument is unpersuasive as the Court must view the amount in controversy from the Plaintiff's perspective, not Defendant's. *Federated Mut. Ins. Co.*, 329 F.3d at 807.

Second, Defendant focuses on future negotiations between the parties, implying that it may be in Defendant's best interest to pay for the right to possess Plaintiff's lands. As evidence for this point, Defendant cites to a post-final judgment demand letter wherein Plaintiff sought over one million dollars for an easement. But this is outside the scope of Plaintiff's Complaint. Defendant makes no argument that the final judgment will compel it to negotiate for possession of Plaintiff's lands, nor does the final judgment preclude Defendant from running its cables under some other parcel after removal. Defendant's citation to post-suit negotiations that would alter the legal rights of the parties is simply not germane under the narrow scope of Plaintiff's Complaint; evidence of negotiations for the possible future sale of property rights is not evidence of the historical value of dispossession because "the defendants have no claim to [title to the real] property. . . . This is not an ownership dispute; it is a possession dispute." *Novastar*, 173 F. Supp. 2d at 1361. The Eleventh Circuit considered an analogous situation in *Ericcson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc.*, 120 F.3d 216, 221-22 (11th Cir. 1997). In *Ericcson*, the plaintiff sought an injunction that would void a contract. *Id.* The defendant sought to affix the amount in controversy to the value of a new contract between it and the plaintiff. *Id.* The Eleventh Circuit rejected this argument, noting that the injunction would not *require* a new contract between the parties, nor would the injunction prohibit alternative unknown third parties from underbidding the defendant. *Id.* Thus, affixing the amount in controversy to a new contract between the parties was speculative. *Id.* Just so here. The final judgment in this case does not require Plaintiff to grant an easement to the Defendant for future access, nor does the final judgment preclude Defendant from seeking to run cables under a different parcel. Similarly, nothing requires Plaintiff to offer an easement in the future to anyone, including unknown third-party competitors to Defendant.

Third and finally, Defendant cites to cases such as *Mutual First, Inc. v. O'Charley's of Gulfport, Inc.*, 721 F. Supp. 281 (S.D. Fla. 1989), where the value of the real property[1] was used to compute the amount in controversy for possession, but those cases do not apply here for two reasons: (1) in those cases the alleged improper possession was the *entire* property (such as through a property lease) whereas in the instant case only a small portion of the property is at issue and (2) the Eleventh Circuit has cast doubt on whether cases such as *Mutual First* remain good law:

> Moreover, district courts in this circuit, reading our prior cases to conflict, have expressed uncertainty as to whether the plaintiff-viewpoint rule governs in this circuit or whether courts are free to consider the value of the object of the litigation to either party [citing to *Mutual First*]. After carefully reviewing this circuit's precedents, however, we find no conflict, and we conclude that this court's predecessor purposefully and conspicuously adopted the plaintiff-viewpoint rule.

*Ericsson*, 120 F.3d at 218-19. In any event, while affixing a dollar amount to a possessory right for a *leasehold* interest in an entire (previously, systematically leased) property may not be unduly speculative, affixing a dollar amount to the unlawful entry of underwater cables in this case is another matter. *See Novastar* 173 F. Supp. 2d at 1361; *Ericcson*, 120 F.3d at 221-22.

In summary, Defendant bears the burden of demonstrating the amount in controversy, and it must do so by a preponderance of the evidence. *Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1242 (11th Cir. 2001). Doubts must be construed in favor of remand, and if a monetary value is too speculative or immeasurable a case must be remanded. *See Sarmiento v. Liberty Mut. Ins. Co.*, No. 15-CV020549, 2015 WL 11237019, at *2 (S.D. Fla. June 26, 2015). For the foregoing reasons, Defendant has not met its burden to establish the amount in controversy in this case, and thus this matter shall be remanded back to state court. Finally, the Court notes that two other judges in this District have recently reached the same conclusions in

---

[1] Or, similarly, the value of re-leasing the real property.

similar cases. *Parks v. Caribbean Crossings, Ltd., Inc.*, No. 19-CV-80284-MARRA (May 19, 2019); *Parks v. Algar Telecomm.*, No. 19-CV-80262-BLOOM (May 9, 2019).

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [DE 11] is **GRANTED**, the Clerk of the Court shall **REMAND** this matter to the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, and the Clerk of the Court shall **CLOSE THIS CASE**. Plaintiff's request for attorney's fees is **DENIED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 13th day of June, 2019.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE